IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOTTORIA N. BROWN. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1298 (MN) |
| | ) |
| GOOGLE.COM, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Lottoria N. Brown, Wilmington, Delaware – Pro Se Plaintiff.

April 10, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Lottoria N. Brown brings this action against Google.com, Apple.com, Sony Music & Entertainment, Marvel Studios, Google Maps, and Google Hangouts. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

I.  **BACKGROUND**

Plaintiff alleges that Defendants, through unspecified employees, engaged in elaborate enterprise in which they surveilled her, stole her ideas, and engaged in manipulative activity directed at her. She purports to bring claims for invasion of privacy, exploitation, conspiracy, defamation of character, corporate invasion, illegal tracking, human trafficking, hindering privacy, cybercrime hindering personal conversations, organized terrorism, and organized stalking. She seeks an unspecified amount in damages. Her allegations consist largely of general statements about unspecified people taking unspecified actions that resulted in unspecified harm, stating in full:

> "'Google' – workers for this company tracked my conversation with my suposed future husband/lover through our online relationship and conversations. Mostly in the 'hangout application' of 'Google Chats application'. Hacked conversation asking for money. Followed my everywhere I go. Food places, work, recreation. Everywhere. All to stop or have a part of my relationship. Put all my former addresses online. Exposed me to danger. Led me to war zones. Put my entire life at risk."

(D.I. 1 at 4 of 8).

> "Did everything to stop us from being together. All because of jealousy and there favor for others. Or just to be nosey and thought it was funny not knowing I was taking notes the whole time and I studied cyber law."

> "Sony Entertainment. Took all my life actions and what I do in reality and made my future partner 'whether it be or not' but it was

1

> planned by us. And made him do what I do all my life and mock me while keeping us apart."
>
> "Phone hacking. Life tracking stalking stealing accounts stealing ideas from my real life and using/him 'Tyrese Gibson' to put it on T.V. and radio and made it seem as if he 'Tyrese Darrell Gibson' was getting ideas himself or they where coming up with them."
>
> "Basically we going to do whatever 'Lottoria' likes and pay you for it and keep her [illegible] just to make money of you both."

(D.I. 1 at 5 of 8).

> "We are going to use 'Tyrese' to keep 'Lottoria' in love so we can get a mass profit of them both. We are going to look into her life and pay him to live it out. Because of there race and they are too smart/or intelligent together. Plus they are 'black.'"

(D.I. 1 at 6 of 8).

## II.  SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies

2

on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Having careful reviewed the Complaint, the Court concludes that Plaintiff's generic allegations against Defendants do not state a claim and are frivolous. The Complaint will therefore be dismissed. Amendment is futile.

**III.    CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate Order will be entered.